# United States District Court
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.       **ORDER OF DETENTION PENDING TRIAL**

KEYAUN C. JAMES          Case Number: 10-20129-08-KHV/DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  *

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that
(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 4, 2010              s/ David J. Waxse
                                     *Signature of Judicial Officer*

                                     David J. Waxse, United States Magistrate Judge
                                     *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA v. KEYAUN C. JAMES
Criminal Action: 10-20129-08-KHV

## Part II - Written Statement of Reasons for Detention

There is a series of factors I have to look at to determine whether there are conditions of release that will reasonably assure your appearance and protect the safety of the community.

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime involving a firearm: Although you have not been personally listed with the use of the firearm at the time of your arrest, the conspiracy obviously involves firearms so that as well as the normal controlled substance charges are negative factors.

The next factor is the weight of the evidence. There has been a Grand Jury Indictment, so that is a probable cause determination, which is a negative.

The next factor is your personal characteristics, which include your physical and mental condition and that is obviously an issue here due to your prior injuries, these injuries also have some negative impact, cause it appears that both of them were gun shots which is not something that happens to people normally.

Your family ties are positive. Your employment, there is some question about the nature of the extent of your employment, but you certainly are employed according to the reports so that a positive.

The next factor is your financial resources. There are no indications of substantial resources that would enable you to flee, so that is a positive.

Your length of residence in the community is positive.

Your community ties are positive, although some of your community ties have to do with long time drug dealing in the community, and that's not the kind of ties we want.

The next factor is your past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearances to court proceedings, as your attorney has pointed out, is fairly moderate compared to other persons in this situation.

The next issue is whether at the time of the current offense or arrest you were on probation or parole

or release. It appears from the report that you were, although they were minor charges in municipal court.

The final factor I have to consider is the nature and seriousness and danger of any person in the community opposed by your release, and that's your biggest problem, because in this kind of case, when there evidence that's been presented to the grand jury of long time drug dealing, that is the kind of danger that this community has to protect itself from, because all of those people who are buying crack are probably committing other crimes to get the crack.

So it's my conclusion, base upon all these factors, that I cannot safely come up with conditions that will allow you to be released and still guarantee the safety of the community. You will remain detained.