# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEYAUN C. JAMES, )<br>)<br>Defendant. )<br>_____) | **CRIMINAL ACTION**<br><br>**No. 10-20129-08-KHV** |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's pro se Motion To Withdraw Plea of Guilt[y] (Doc. #406) filed June 6, 2011. For reasons set forth below, the Court finds that defendant's motion should be overruled.

## Factual And Procedural Background

On October 13, 2010, a grand jury indicted defendant on one count of conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 280 grams of cocaine base, in violation of 21 U.S.C. § 841 (a)(1), (b)(1 )(A)(ii) & (iii) and 21 U.S.C. § 846 (Count 1) and four related counts. On March 24, 2011, defendant entered a plea of guilty to Count 1. Attorney Jay DeHardt represented defendant at the plea hearing. The Court set sentencing for June 27, 2011.

On June 6, 2011, defendant, who is currently represented by Mr. DeHardt, filed a pro se motion to withdraw his plea. See Doc. #406. Defendant asserts that before he entered his plea, Mr. DeHardt and the government informed him that if he agreed to plead guilty, he would receive a reduced sentence not to exceed 96 months. Defendant contends that after the plea, Mr. DeHardt told

him that because he would not cooperate with the government, he would receive a sentence higher than 96 months.

## **Analysis**

After the Court accepts a plea, but before it imposes sentence, a defendant may withdraw a plea of guilty if he shows a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In analyzing whether defendant has shown a fair and just reason for withdrawal, the Court ordinarily considers the following factors: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant;(6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. United States v. Byrum, 567 F.3d 1255, 1264 (10th Cir. 2009).

Here, defendant has not asserted that he is innocent, so the first factor weighs against him. Cf. United States v. Carr, 80 F.3d 413, 420 (10th Cir. 1996) (defendant's assertion of innocence is enough to find in favor of defendant on this factor). The second factor is not significant in this case. See id. (some degree of prejudice is inevitable if the Court permits a defendant to withdraw his plea). Defendant delayed in filing his motion for about ten weeks, so the third factor also weighs against him. See, e.g., United States v. Gibson, 176 F.3d 489, 1999 WL 298181, at *2 (10th Cir. 1999) (Table) (three-month delay weighed against defendant); United States v. Rower, 80 F. Supp.2d 1212, 1219 (D. Kan. 1999) (delay of eight weeks too long), aff'd, 18 Fed. Appx. 702 (10th Cir. 2001). The fourth factor also weighs against defendant because the Court would be inconvenienced if it allows defendant to withdraw his plea. See Carr, 80 F.3d at 420. As for the fifth factor, nothing

in the record suggests that defendant has not had competent counsel throughout the case.[1]  This factor weighs against defendant.  See Byrum, 567 F.3d at 1265 (upholding district court refusal to permit defendant to withdraw guilty plea in part because defendant represented by effective and competent defense attorneys).

As to the sixth factor, to ascertain whether defendant knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement, the plea petition and the Rule 11 colloquy.  United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).  Here, the Court conducted a thorough inquiry at the plea hearing.  Defendant stated that he understood the charge against him and that the maximum penalty was life imprisonment.  Although defendant indicated that he hoped to be eligible for application of the safety valve – which would result in a guideline range of 87 to 108 months – he also acknowledged that under the worst case scenario, he would "be looking at 168 to 210 months."  Defendant stated that he understood that he was waiving his rights to a trial and to an appeal.  He asserted that he plea was free and voluntary, that no one had forced or threatened him to enter it, and that the only reason he was entering a plea was that he was in fact guilty as charged.  Nothing in the record suggests that defendant's plea was unknowing or involuntary.  This factor thus weighs against defendant.

Finally, the seventh factor weighs against defendant because any withdrawal of his plea wastes judicial resources.  Based on all of these factors, the Court finds that defendant has not shown a "fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).

---

[1] In fact, defendant's appointed counsel has consistently practiced before this Court in a competent and skilled manner.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion To Withdraw Plea of Guilt[y] (Doc. #406) filed June 6, 2011 be and hereby is **OVERRULED**.

Dated this 21st day of June, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
